**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AZEEZ RABIU,

      Plaintiff,

    v.

ABBOTT LABORATORIES,

      Defendant.

Case No. 23-cv-02253

Judge:    Elaine E. Bucklo

Magistrate: Jeannice W. Appenteng

**DEFENDANT'S MOTION FOR WAIVER OF
POSTING SUPERSEDEAS BOND FOR JUDGMENT**

Defendant Abbott Laboratories ("Abbott"), pursuant to Federal Rule of Civil Procedure 62, moves this Court to waive the posting of supersedeas bond. Defendant states as follows:

1.    On March 18, 2026, this Court entered a Final Judgment Order in favor of Plaintiff in the amount of $907,300.00 for backpay, prejudgment interest, compensatory damages, tax offset, and attorney's fees. (Dkt. 199.)

2.    On April 6, 2026, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e). (Dkt. 204.) The Court then set a briefing schedule and set ruling for June 22, 2026. (Dkt. 205.)

3.    On April 15, 2026, Defendant filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e). (Dkt. 207.) A briefing schedule and date for ruling on Defendant's Motion has not yet been set by this Court.

4.    In addition to the parties' post-trial motions, the parties are currently conferring regarding potential resolution of their issues through private mediation in the coming weeks, including vetting potential mediators and confirming a date. Once a date is selected, the parties will likely move this court for a stay pending mediation.

5. In light of the parties' pending post-trial motions and potential resolution through private mediation, Defendant seeks a waiver of the posting of supersedeas bond.

6. Federal Rule 62(d) allows a party to move a district court to "employ its discretion to waive the bond requirement." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988 (citing *N. Ind. Pub. Serv. v. Carbon Cnty. Coal*, 799 F.2d 265, 281 (7th Cir. 1986)).

7. The Seventh Circuit has recognized that waiving the bond requirement is appropriate if the party "has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful[.]" *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000). "[T]he court must . . . be satisfied that waiving the bond requirement would not endanger the plaintiff's ability to collect on the judgment." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 17-CV-01973, 2023 WL 7738652, at *5 (N.D. Ill. July 11, 2023).

8. The court evaluates several criteria when determining whether to waive the posting of bond, including "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment[;] (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money[;] and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position." *Dillon*, 866 F.2d at 904–05. Here, the first four factors are applicable.

9. With respect to the first factor, the collection process would not be complex. Abbott does not have a "cumbersome and time-consuming" procedure, compared to an entity like the State of Illinois. *See Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986); *see also*

*Dillon*, 866 F.2d at 905 (ordering execution of judgment stayed without bond where party's entire process for payment of judgment took less than 30 days).

10. Given that the process is not cumbersome or time-consuming, pending the outcome of private mediation and the parties' respective post-trial motions and any potential appeals by either party, should the judgment be affirmed on appeal or otherwise enforced, payment would be prompt.

11. Abbott also has a history of satisfying judgments entered against it, further weighing in favor of the *See Dillon*, 866 F.2d at 905 (finding waiver of bond appropriate where defendant had history of "more than adequate provision for payment of employment discrimination judgments, paid out of the budget of the relevant departmental unit").

12. The third and fourth factors also weigh in favor of waiver. Defendant is a Fortune 150 Company. In 2025, Defendant had approximately $41.95 billion in revenue, $13.4 billion in profits, and $81.4 billion in assets. *Abbott Laboratories*, Fortune, https://fortune.com/company/abbott-laboratories/ (last visited April 17, 2026). Given Abbott's financial position, the Court can have confidence that in the availability of funds to pay the judgment. Defendant's ability to satisfy the judgment is so plain that requiring a bond would be a waste of money, particularly where the parties are exploring possible resolution through private mediation and the parties have both filed post-trial motions related to the Court's judgment. The fifth factor—whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position—is inapplicable.

13. Abbott's financial position alone supports waiver of the bond requirement. *See, e.g.*, *Laborers' Pension Fund v. W.R. Weis Co., Inc.*, No. 15 C 07867, 2016 WL 11940542, at *2 (N.D. Ill. July 11, 2016) (waiving bond where party's "financial soundness and sheer size of its

assets"—over two billion dollars—"ma[d]e it almost certain" the party would be able to satisfy the judgment if affirmed); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2008 WL 4542725, at *1 (N.D. Ill. July 24, 2008) (finding party entitled to stay without bond where "clear that [the party] ha[d] more than enough cash on hand to satisfy [the opposing party]'s judgment"). And the other factors related to the complexity and speed of the collection process also weigh in favor of waiver.

14.     Put simply, the concerns underlying the bond requirement are not present here, as Defendant has clearly demonstrated its ability to satisfy the judgment ordered by the Court in its Final Judgment Order. Accordingly, the Court should waive the posting of bond.

WHEREFORE, Defendant respectfully requests this Court waive the posting of bond.

DATED: April 17, 2026                      Respectfully submitted,


By:*/s/ Brandon L. Dixon*
        One of Its Attorneys


Brandon L. Dixon, Bar No. 6308887
bdixon@seyfarth.com
Uma Chandrasekaran, Bar No. 6281690
uchandrasekaran@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties of

record via the Court's CM/ECF filing system on April 17, 2026.


*/s/ Brandon L. Dixon*
Brandon L. Dixon