[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| AZEEZ RABIU<br><br>       Plaintiff<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>       Defendant | No. 23-cv-02253<br><br>Judge: Elaine E. Bucklo<br><br>Magistrate: Jeannice W. Appenteng |

**PLAINTIFF'S MOTION TO SEAL PREVIOUSLY FILED DOCUMENT — DOCKET ENTRY 185-3**

Plaintiff Azeez Olatunji Rabiu, proceeding pro se, respectfully moves this Court pursuant to N.D. Ill. L.R. 26.2 and applicable Seventh Circuit authority for leave to seal Docket Entry 185-3, the Forensic Psychiatric Evaluation Report of Dr. Olabanji Adesoji Gbadebo, previously filed as an exhibit to Plaintiff's Memorandum of Damages.

**1. Nature of the Document**

Docket Entry 185-3 contains highly sensitive personal medical and psychiatric information, including:

- Diagnoses of Major Depressive Disorder and Post-Traumatic Stress Disorder.

- Detailed multi-year treatment history.

- Specific medication names, dosages, and titration progressions.

- Clinical observations from psychiatric evaluations.

- Documentation of suicidal ideation; and

- Detailed descriptions of psychiatric crises and their triggering events.

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

This category of information is among the most sensitive forms of personal data recognized by the courts and is routinely protected from public disclosure.

**2. Applicable Legal Standard**

Judicial records are presumptively open to the public, and any departure from that presumption requires a showing of good cause sufficient to outweigh the public's interest in access. See *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

Courts in this Circuit consistently recognize that medical and psychiatric records constitute a paradigmatic category of information warranting sealing due to the substantial privacy interests involved.

**3. Compelling Privacy Interests**

The privacy interests implicated here are substantial and compelling.

Public disclosure of this report would expose deeply personal psychiatric conditions, treatment details, and crisis history that:

- Serve no legitimate public interest;
- Go far beyond what is necessary for understanding the Court's rulings; and
- Pose a risk of significant personal and professional harm to Plaintiff.

**4. Consistency with Prior Sealing Orders**

This Court has already recognized the sensitivity of similar materials in this case by granting Plaintiff's Motion to Seal Exhibits 1 and 5 in connection with the Rule 59(e) Motion. (Dkt. 202)

The same privacy interests that justified sealing Exhibits 1 and 5 apply with equal or greater force to Docket Entry 185-3, which contains the complete underlying clinical record from which those sealed exhibits were derived. Therefore, Docket Entry 185-3 contains significantly more detailed clinical information than those exhibits and warrants equal—if not greater—protection.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**5. No Less Restrictive Alternative**

No less restrictive alternative adequately protects Plaintiff's privacy interests.

The clinical details are integral to the report and cannot be meaningfully redacted without:

- Destroying its evidentiary value; and

- Rendering the document unusable for judicial review.

Sealing the document in its entirety is therefore narrowly tailored and appropriate.

**6. Limited Impact on Public Access**

Sealing Docket Entry 185-3 will not impair public understanding of this case.

The Court's February 9, 2026 Memorandum Opinion and Order (Dkt. 197) already describes the report's conclusions at a high level. Sealing the underlying report protects only the granular clinical details, not the substance of the Court's analysis.

**7. Relief Requested**

Plaintiff does not seek to restrict the Court's access or consideration of this document in any pending proceeding, including the Rule 59(e) Motion.

Plaintiff seeks only to restrict public access to the sensitive medical information contained in Docket Entry 185-3.

**WHEREFORE**

Plaintiff respectfully requests that the Court:

1. Grant leave to seal Docket Entry 185-3; and

2. Direct the Clerk of Court to restrict public access to that document while maintaining full judicial access.

Dated: April 19, 2026,                                        respectfully submitted

/s/ Azeez Rabiu

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Plaintiff, Pro Se

9566 S Broadacre Lane, #312

Oak Creek, WI, 53154

612-636-2329/Tjabiu@yahoo.com

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all parties of

record via the Court's CM/ECF filing system on April 19, 2026..

<u>/s/ Azeez Rabiu</u>

Plaintiff, Pro Se

9566 S Broadacre Lane, #312

Oak Creek, WI, 53154

612-636-2329/Tjabiu@yahoo.com

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]