**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AZEEZ RABIU, | Case No. 23-cv-02253 |
| Plaintiff, | |
| v. | Judge: Elaine E. Bucklo |
| ABBOTT LABORATORIES, | Magistrate: Jeannice W. Appenteng |
| Defendant. | |

**DEFENDANT'S MOTION TO STAY FURTHER PROCEEDINGS**

Defendant Abbott Laboratories ("Abbott") moves this Court to stay further proceedings, including any briefing deadlines related to Plaintiff's Rule 59(e) Motion, (Dkts. 204, 205), any further briefing related to Defendant's Rule 59(e) Motion, (Dkts. 207, 211), and any further briefing related to Defendant's Motion for Waiver, (Dkts. 208, 210), pending the outcome of private mediation, currently scheduled for May 12, 2026.

1.      On March 18, 2026, this Court entered a Final Judgment Order in favor of Plaintiff in the amount of $907,300.00 for backpay, prejudgment interest, compensatory damages, tax offset, and attorney's fees. (Dkt. 199.)

2.      On April 6, 2026, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e). (Dkt. 204.) The Court then set a briefing schedule and set ruling for June 22, 2026. (Dkt. 205.) Defendant's reply to Plaintiff's Rule 59(e) motion is currently due to be filed April 29, 2026. (Dkt. 205.)

3.      On April 15, 2026, Defendant filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e). (Dkt. 207.) A briefing schedule and date for ruling on Defendant's

Motion has not yet been set by this Court. Plaintiff filed his Response to Defendant's Rule 59(e) Motion on April 27, 2026. (Dkt. 211.)

4. On April 17, 2026, Defendant filed a Motion for Waiver of Supersedeas Bond. (Dkt. 208.) On April 23, 2026, Plaintiff filed a response to Defendant's Motion. (Dkt. 210.)

**Relevant Background Related to Mediation**

5. Beginning on April 1, 2026, the parties engaged in discussions about pursuing a negotiated resolution. Because each side anticipated filing Motions under Rules 59 and 60, in order to avoid waiver of those rights, the parties agreed to wait to fully commence discussions about mediation logistics until after each side had filed its post-judgment Motion, and further agreed to seek a stay pending mediation.

6. On April 16, 2026—one day after Defendant filed its Rule 59(e) Motion—as agreed, Defendant sent Plaintiff a list of potential mediators as well as a draft joint motion for a stay pending mediation. During the parties' subsequent discussions regarding mediation, Plaintiff then indicated he was not amenable to a stay until a mediator had been booked, and his subsequent actions have been consistent with that. However, Defendant believes a stay would serve the best interests of both parties and the Court, as further explained below.

7. The next week, the parties continued discussions regarding pursuing private mediation to resolve the dispute. On April 23, 2026, the parties conferred regarding their availability to schedule mediation as soon as possible, considering mediator availability as well as Defendant's existing scheduling constraints due to other professional obligations in the coming weeks.

8. On April 23, 2026, Plaintiff informed Defendant that the Honorable Arlander Keys (Ret.) was available to mediate on May 12, 2026. After conferring with and confirming

counsel availability, Counsel for Defendant confirmed with Plaintiff that Defendant was available on May 12, 2026 for a full-day mediation via Zoom with Judge Keys.

9. On April 24, 2026, Judge Keys's case manager confirmed that their mediation had been scheduled and added to Judge Keys's calendar.

10. In light of the parties' mediation scheduled for May 12, 2026, Defendant moves this Court to stay further proceedings, including any briefing deadlines related to Plaintiff's Rule 59(e) Motion, (Dkts. 204, 205), and any reply to Plaintiff's responses to Defendant's Motion for Waiver, (Dkts. 208, 210), and Defendant's Rule 59(e) Motion, (Dkts. 207, 211).

11. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In determining the appropriateness of a stay, the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay." *Bd. of Trs. of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

12. "Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question . . . (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

13. Here, a stay would simplify the issues before the Court, as the Court may not need to consider or rule on either party's Rule 59(e) motions if the parties are able to resolve their dispute through mediation.

14. In addition, the requested stay would reduce the burden of litigation on the parties and the Court. Requiring additional briefing prior to the parties' mediation would be inefficient and would not serve interests of judicial economy as such briefing may ultimately be unnecessary. The requested stay therefore would significantly reduce the burden on the parties and conserve judicial resources.

15. Staying further proceedings will not result in prejudice to Plaintiff as the requested stay is limited in scope, seeking a stay only through the date of the parties' scheduled mediation. Further, a stay would allow both parties the opportunity to fully prepare for and participate in mediation, rather than spending additional time and resources litigating post-judgment motions while also preparing for mediation.

16. Defendant brings this Motion in good faith. Defendant took steps to make itself available for mediation within an expedited time frame, including moving obligations given Plaintiff's refusal to schedule a mediation on a normal and customary timeline. Defendant is optimistic that the scheduled mediation will result in cessation of this matter and therefore requests this Court exercise its discretion and stay further proceedings.

17. Defendant will submit a Status Report following the mediation to inform the Court of the outcome of mediation and, should the parties' dispute remain unresolved, suggest an updated briefing schedule for both parties' Rule 59(e) motions.

WHEREFORE, Defendant respectfully requests this Court stay further proceedings, up to and including May 12, 2026, pending the outcome of mediation.

DATED: April 27, 2026

Respectfully submitted,


By:*/s/ Brandon L. Dixon*
     One of Its Attorneys


Brandon L. Dixon, Bar No. 6308887
bdixon@seyfarth.com
Uma Chandrasekaran, Bar No. 6281690
uchandrasekaran@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF filing system on April 27, 2026.


/s/ *Brandon L. Dixon*
Brandon L. Dixon